# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL B.: KEVITSKY and<br>DAVID-WYNN: MILLER,<br><br>               Plaintiffs,<br>   v.<br><br>INDYMAC BANK, et al.,<br><br>               Defendants.<br>_____/ | CASE NO. 1:12-cv-00011-AWI-SMS<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND WITHIN THIRTY DAYS<br><br>(Doc. 1) |

**Screening Order**

    Plaintiffs Daniel B.: Kevitsky and David-Wynn: Miller, proceeding *pro se*, filed this complaint on January 3, 2012, apparently alleging claims relating to certain real property owned or formerly owned by Plaintiff Kevitsky.  This matter has been referred to the magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

**I.**     **Screening Requirement**

    A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506

U.S. 915 (1992).  This Court screens all complaints filed by plaintiffs *in propria persona* to ensure that the action is not frivolous or malicious, that the action states a claim upon which relief may be granted, and that the complaint does not seek monetary relief from a defendant who is immune from such relief.

## II.     Factual Background

The complaint in this matter is written in a dialect other than standard American English. As a result, the Court is unable to accurately determine Plaintiffs' factual allegations, if any.  The Court has determined that Kevitsky is the owner or former owner of real property located at 21702 Crystal Falls Dr., Sonora, California. On July 16, 2004, Kevitsky, denominated as an unmarried man, executed a Deed of Trust to IndyMac Bank, F.S.B., in the amount of $156,000.00.  Plaintiffs' claims are somehow related to the property and the 2004 deed of trust. The Court is unable to determine in what way, if at all, Miller has claims relating to Kevitsky's property.

## III.    Rule 8

> **Claim for Relief.** A pleading that states a claim for relief must contain:
>
> 1. a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> 2. a short and plain statement of the claim showing the pleader is entitled to relied; and
>
> 3. a demand for the relief sought, which may include relief in the alternative or different types of relief.
>
> F.R.Civ.P. 8(a).

///

Because the complaint has been prepared in a dialect other than standard American English, the Court cannot conclude that it meets the requirements of Rule 8 or that it states one or more cognizable claims. *See Miller v. Korte*, 2002 WL 32350068 (W.D. Wis. September 11, 2002) (No. 02-C-504-C). Neither the Court nor the defendants are required to interpret pleadings prepared in an unfamiliar language. "[T]he official language of the Court is standard American English." *United States v. Kriemelmeyer*, 2007 WL 5479293 (W.D. Wis. July 26, 2007) (No. 07-CR-052-C-01).

Rule 8 is intended "to protect defendants from undefined charges, and to keep the federal courts free of frivolous suits." *Howard v. Koch*, 575 F.Supp. 1299, 1304 (E.D. N.Y. 1982). Put another way, "[t]he purpose of Rule 8(a)(2) is to avoid verbose allegations; to notify the defendants of the claim upon which plaintiff seeks recovery; to assist and not deter the disposition of the litigation on its merits; to achieve brevity and clarity in pleading and to shape the issues for trial." *Levine v. McDonald's Corp.*, 1979 WL 1648 at *1 (D. Ariz. June 12, 1979) (No. Civ. 77-601 Phx. WPC). The *Levine* court noted:

> When attorneys admitted to practice in Federal courts prepare complaints, neither the Court or opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of claims asserted can be found in such a melange. It is the duty and responsibility, especially of experienced counsel, to state those essentials in short, plain, and non-redundant allegations.

*Levine*, 1979 WL 1648 at *2, *quoting Silver v. Queen's Hospital*, 53 F.R.D. 223, 226 (D. Hawaii 1971).

Similarly, neither the Court nor opposing counsel should be required to expend time and effort attempting to parse an obscure dialect in an effort to determine a plaintiff's claims, much less

whether they are cognizable.  Should Plaintiffs elect to file an amended complaint, as this order permits them to do, they shall submit a complaint written in standard American English.

### IV.     Standard of Review

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555.  While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949**.**

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*).  A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his or her claim.

"A short and plain statement of the claim showing that the pleader is entitled to relief" contemplates a simple and straightforward, but complete, account of the relevant occurrences,

actors, and resulting damages.  Should Plaintiffs elect to amend their complaint, as this order permits them to do, the Court will evaluate whether their claims are cognizable based on these standards.

### V.     Parties

####      A.     Defendants

The first named Defendant is "INDYMAC BANK+CH-7.WAS BOUGHT-~2009 BY THE ONE-WEST-BANK, F.-S.-B." Whether Plaintiffs intend to sue IndyMac Bank, One West Bank, One West Bank as successor in interest to IndyMac Bank, or both banks is unclear.

Similarly, if "'MERS' VOID-CLAIMS US DISTRICT-COURT,:VASSALEE-DEFENDANT;" is intended to name one or more additional defendants, each additional defendant should be listed using the legal name by which it is commonly identified.

Finally, factual allegations such as the address, form of business organization, and similar information of each defendant, should be included as separately numbered paragraphs in the body. of the complaint should set forth.  To the extent that Plaintiffs intend to make legal claims relating to a particular defendant, such claims must be pleaded in the complaint by setting forth factual allegations supporting each claim.  For example, if Plaintiffs intend to allege that MERS is not a legitimate entity, they must set forth the factual allegations necessary to establish the legal conclusion, not simply state their legal conclusion that it is illegitimate.

####      B.     Real Party in Interest

Kevitsky's interest in the real property that is the subject of the complaint is apparent even though the complaint is largely incomprehensible.  Miller's interest in Kevitsky's claims is not apparent.  To demonstrate that Miller is a real party in interest, the amended complaint must allege

facts sufficient to establish that he was injured, that his injury was caused by the defendants' illegal conduct, and that redress is available to him through a favorable outcome of the lawsuit. *See Seckler v. Star Enterprise*, 124 F.3d 1399, 1406 (11th Cir. 1997).

## VI.     Exhibits to Complaint

The Court is not a repository for the parties' evidence. Originals or copies of evidence are properly submitted when the course of the litigation brings the evidence into question (as upon a summary judgment motion, at trial, or upon the Court's request). During the screening process, which Plaintiffs' complaint is now undergoing, a plaintiff is required only to state a prima facie claim for relief. Submission of evidence is premature. Accordingly, a plaintiff is well advised to state fully the facts supporting its claims against the defendants and to refrain from attaching exhibits.

When screening a plaintiff's complaint, the Court must assume the truth of the factual allegations. Submitting exhibits to support the complaint's allegations is generally unnecessary. When a plaintiff is compelled to submit exhibits with a complaint, such exhibits must be attached to the complaint and incorporated by reference. Fed. R. Civ. Proc. 10(c). Plaintiffs are cautioned that, in determining whether a complaint states cognizable claims, the Court's duty is to evaluate the complaint's factual allegations, not to wade through exhibits.

## VIII.    Conclusion and Order

As presently constituted, Plaintiffs' complaint fails to state a claim upon which relief may be granted. The Court will provide Plaintiffs with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-

///

49 (9th Cir. 1987). Plaintiffs may not change the nature of this suit by adding new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiffs' amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did in relation to each of Plaintiffs' claimed causes of action. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (*citations omitted*). Plaintiffs should focus on identifying their legal claims and setting forth, as briefly but specifically as possible, the facts linking the defendants to each claim for which they allege that defendant is liable.

Finally, Plaintiffs are advised that an amended complaint supercedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiffs' complaint is dismissed with leave to amend for failure to state a claim;

2.   Within **thirty (30) days** from the date of service of this order, Plaintiffs shall file an amended complaint curing the deficiencies identified by the Court in this order; and

///

///

///

3. If Plaintiffs fail to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

**Dated:   January 6, 2012**                               /s/ Sandra M. Snyder
                                                         UNITED STATES MAGISTRATE JUDGE